## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAIRO MANDU and IONE MANDU, | * | **JURY TRIAL DEMANDED** |
| | * | |
| Plaintiffs, | * | |
| VS. | * | |
| | * | |
| SCHIAVONE CONSTRUCTION CO. LLC and JOHN ALBANO, | * | |
| Defendants. | * | Case No._____ |

## COMPLAINT

Jurisdiction for this action is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000. The plaintiffs are domiciled in Connecticut and the defendants are domiciled New Jersey.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

**COUNT ONE: (Negligence as to JOHN ALBANO AND SCHIAVONE CONSTRUCTION CO. LLC)**

1. The plaintiffs, JAIRO MANDU and IONE MANDU are domiciled in the State of Connecticut.

2. Defendant, SCHIAVONE CONSTRUCTION CO. LLC, is a New Jersey company with its principal place of business in New Jersey.

3. Defendant, JOHN ALBANO, is a domiciliary of State of New Jersey.

4. At all times mentioned herein, JOHN ALBANO, was an agent, apparent agent, servant, contractor and/or employee of defendant SCHIAVONE

CONSTRUCTION CO. LLC acting within the scope of and pursuant to his agency, employment, and/or contractual relationship(s).

5. On April 15, 2020, JAIRO MANDU was parked on the southbound right shoulder of the New Jersey Turnpike when suddenly, and without warning, JOHN ALBANO, entered the right shoulder from the southbound lane of travel, and violently struck the plaintiff's vehicle. JOHN ALBANO operated the vehicle as the agent, servant, apparent agent, contractor and/or employee of defendant SCHIAVONE CONSTRUCTION CO. LLC.

6. The crash and resultant injuries to the plaintiff, JAIRO MANDU, were the direct and proximate result of the negligence of JOHN ALBANO in that he:

   a. failed to maintain directional control of his vehicle;

   b. failed to operate his vehicle in a single lane of travel;

   c. failed to maintain his lane in violation of N.J.R.S. § 39:4-88;

   d. failed to keep proper control of his motor vehicle;

   e. moved upon a public highway in an unsafe manner;

   f. failed to keep a proper lookout; and,

   g. failed to brake to avoid the collision.

7. The negligent and careless operation by JOHN ALBANO was a proximate cause and a substantial factor in causing JAIRO MANDU to incur and suffer:

   a. multiple blunt force traumatic injuries including brain trauma;

   b. fear of death;

   c. multiple surgical interventions;

   d. severe pain and suffering; and,

  e.  emotional distress.

  8. As a further direct and proximate result of the negligence of JOHN ALBANO, and the injuries sustained as a result thereof, the plaintiff, JAIRO MANDU, has been and will be obliged for some time in the future to expend large sums of money for medical care and attention, including, but not limited to, the cost of doctors, x-rays, medical treatment, rehabilitation therapy, hospitalization, medicines, medical apparatus, supplies, and therapy.

  9. As a result of the injuries sustained, the plaintiff lost earnings that would have accrued had he been able to work but for the disability sustained in this collision and further suffered a loss of earning capacity that will be permanent in nature also as a result of the injuries sustained in this occurrence.

  10. As a further direct and proximate result of the motor vehicle crash the plaintiff, JAIRO MANDU, suffered diminution in his ability to participate in life's activities.

**COUNT TWO: (Loss of Consortium)**

  1-10. Paragraphs 1 through 10 of COUNT ONE are hereby incorporated and made Paragraphs 1 through 10 of COUNT TWO as if fully set forth herein.

  11. The plaintiff IONE MANDU was at all pertinent times lawfully married to and resided with her husband JAIRO MANDU.

  12. As a direct and proximate result of the negligence of the defendant, the plaintiff, IONE MANDU, suffered the loss of her husband's affection, companionship, support, and services in the home.

WHEREFORE, the plaintiffs claim:

    (a)    compensatory damages, including applicable interest, in excess of $75,000;

    (b)    such other and further relief as law and equity may provide.

**<u>PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS</u>**

THE PLAINTIFFS,

Date: March 21, 2022

By: /s/ John Brown
John Brown, Esq.(fed bar # 039441995)
Law Office of John Brown, Esq.
801 Hooper Ave.
Toms River, NJ 08753
(Tel.) 732-995-4797
info@johnbrownesq.com