UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAIRO MANDU and IONE MANDU,<br><br>Plaintiffs,<br><br>v.<br><br>SCHIAVONE CONSTRUCTION CO. LLC and JOHN ALBANO,<br><br>Defendants. | Civil Action No. 22-1580-KSH-AME<br><br>ORDER |

This matter having come before the Court on the unopposed motion filed by defendant John Albano ("Albano") for leave to deposit funds in Court, pursuant to Federal Rule of Civil Procedure 67 and Local Civil Rule 67.1 [ECF 41]; and

**IT APPEARING** that Albano requests leave to deposit funds, in the amount of $100,000.00, representing the limit for bodily injury liability coverage under his motor vehicle insurance policy with High Point Safety and Insurance Company ("High Point");[1] and it further

**APPEARING** that, by leave of court, a party may deposit all or part of any funds in dispute "if any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing . . . whether or not that party claims any of it;"[2] and it further

**APPEARING** that, unless expressly authorized by statute, the deposit of funds in Court is a matter left to the Court's discretion;[3] and it further

---

[1] Parsons Cert. at ¶ 2 and Ex. A.
[2] Fed. R. Civ. P. 67(a).
[3] L. Civ. R. 67.1(a); *Fidelity & Guaranty Life Ins. Co. v. D'alessandro*, Civ. No. 15-5281, 2015 WL 7776556, at *3 (D.N.J. Dec. 2, 2015).

1

**APPEARING** that, generally, "[t]he purpose of a deposit in court is to relieve the depositor of responsibility for a fund in dispute, while the parties litigate their difference *with respect to the fund*;"[4] and it further

**APPEARING** that Rule 67 "should be used as a procedural device to provide a place of safekeeping for disputed funds" and not as a means to alter the parties' legal duties;[5] and it further

**APPEARING** that, here, the motion for leave to deposit funds is supported only by a statement by Albano's counsel expressing that Albano's auto insurance carrier, High Point, "has requested [counsel] seek permission to deposit the policy limits;"[6] and it further

**APPEARING** that this action, which arises out of a motor vehicle accident involving defendant Albano, does not present a dispute over ownership or claims to a particular fund but rather concerns whether Plaintiff's injuries were caused by the allegedly negligent actions of Albano and/or defendant Schiavone Construction Co.; and it further

**APPEARING** that this litigation is not, therefore, an action with respect to the fund to be deposited, i.e., with respect to the coverage limits under Albano's auto insurance policy; and it further

**APPEARING** that, additionally, there is no indication that the funds to be deposited are in the possession or control of defendant and moving party Albano but instead appear to belong to High Point, a nonparty to this action; and it further

---

[4] *D'alessandro*, 2015 WL 7776556, at *3 (emphasis added) (quoting *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d 639, 641 (D. Del. 2010) and 13 James Wm. Moore, Moore's Federal Practice § 67.02 (3d ed. 2009)).
[5] *Progressive Cas. Ins. Co. v. Drive Trademark Holdings LP*, 680 F. Supp. 2d at 641.
[6] Parsons Cert. ¶ 3.

**APPEARING** that the Court is not persuaded that the deposit sought by Albano would serve Rule 67's purpose of serving merely as a procedural means to relieve the depositor of responsibility for funds in dispute and provide a place of safekeeping for those funds; and it further

**APPEARING** that, for the foregoing reasons, the Court concludes, in its discretion, that Albano's request to deposit the High Point policy limits is not warranted or appropriate under Rule 67; therefore,

**IT IS** on this 3d day of January 2023,

**ORDERED** that defendant Albano's motion for leave for leave to deposit funds in Court pursuant to Federal Rule of Civil Procedure 67 and Local Civil Rule 67.1 [ECF 41] is **DENIED**.

    /s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge